**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PRIMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | No. |
| | ) | |
| MONEYBOOK, LLC, | ) | **JURY TRIAL DEMANDED** |
| WEALTHWAVE, LLC, and | ) | |
| THOMAS MATHEWS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Primerica, Inc. states the following for its Complaint against

Defendants MoneyBook LLC, WealthWave, LLC, and Thomas Mathews:

## I.    INTRODUCTION

1.     Primerica, Inc. is a financial services company based in Duluth,

Georgia, dedicated to the financial wellbeing of middle-income families across the

United States.

2.     Primerica, Inc. and its predecessors, including A.L. Williams &

Associates, Inc. (collectively, "Primerica"), have been using the trademark and

service mark HOW MONEY WORKS for more than thirty years throughout the

United States.

1

3.      Over the course of three decades, the HOW MONEY WORKS mark has grown into a highly recognized brand for Primerica, representing Primerica's lauded financial-related goods and services.

4.      Through its HOW MONEY WORKS brand, Primerica educates relevant consumers on how to overcome financial challenges and plan for the future. Key aspects of these educational services are Primerica's *How Money Works* publications, which have been helping middle-income consumers since 2001, and Primerica's long-running HOW MONEY WORKS-branded seminars and educational programs.

5.      Despite the fact that consumers associate the HOW MONEY WORKS mark exclusively with Primerica, Defendant Thomas Mathews, a former independent contractor and sales representative for Primerica, formed two companies to directly complete with Primerica—WealthWave, LLC (Defendant "WealthWave") and MoneyBook LLC f/k/a How Money Works LLC (Defendant "MoneyBook") (Defendants Thomas Matthews, WealthWave, and MoneyBook are collectively referred to as "Defendants"), both located just a few miles from Primerica's Duluth headquarters. These companies not only began using Primerica's exact HOW MONEY WORKS mark, but claimed to *own* it.

6.     Indeed, WealthWave applied for and obtained a federal registration for HOW MONEY WORKS (the "Infringing HOW MONEY WORKS Registration") with the United States Patent and Trademark Office ("USPTO"), despite being a junior user to Primerica.

7.     Primerica takes consumer protection very seriously. Accordingly, and due to the high likelihood of confusion created by Defendants' conduct, Primerica petitioned to cancel the Infringing HOW MONEY WORKS Registration, and prevailed in the cancellation proceeding styled Proceeding No. 92071945. While the Trademark Trial and Appeal Board ("TTAB") proceeding was pending, Primerica initiated a civil action (the "Civil Action") styled *Primerica, Inc. v. How Money Works, LLC et al.*, No. 1:21-cv-01613-CAP, in the United States District Court for the Northern District of Georgia (alleging unfair competition, dilution, and deceptive trade practices under applicable federal and state laws).  The latter action was stayed in favor of the TTAB proceeding.

8.     The TTAB ruled for Primerica by holding, inter alia, that Primerica had established priority by virtue of its trademark use on a series of book titles and in association with educational programs, and that Defendants' use of HOW MONEY WORKS was likely to be confused with Primerica's use.

3

9.     The TTAB specifically found that "even if [Primerica] sometimes uses HOW MONEY WORKS descriptively . . .  it also uses HOW MONEY WORKS as a mark to identify and distinguish its educational publications and its educational services."

10.     After the TTAB ruled for Primerica, Primerica and Defendants amicably resolved and dismissed the appeal of the TTAB decision and the pending civil action by entering into a confidential settlement agreement on March 24, 2023 (the "Agreement"). Pursuant to the Agreement, Defendants agreed (subject to very narrow exceptions) to cease all use and remove references to the words "how money works," "hmw," and similar phrases from their websites; cease making social media posts using the same; take all reasonable steps to stop third-party use by independent contractors; and prominently use WEALTHWAVE branding on all pages within the howmoneyworks.com domain, among other obligations.

11.     It is now clear Defendants never intended comply with the Agreement, as they have ignored every compliance deadline articulated in the Agreement.

12.     Defendants not only flouted and refused to timely comply with their obligations pursuant to the Agreement, but *expanded* their use of HOW MONEY WORKS-formative marks. For example, since entering into the Agreement, and in

material breach of the Agreement, Defendants began to use the below marks, among others:

  

13.     At the same time, Defendants have not prominently used WEALTHWAVE branding, have not removed prior uses of "how money works", and have not taken reasonable steps to stop improper use by their independent contractors.

14.     Defendants have thus materially breached the Agreement in multiple ways, all to the direct detriment of Primerica causing Primerica irreparable harm.

15.     Primerica brings this lawsuit to vindicate its rights under the Agreement and to put a stop its direct competitors' infringement of Primerica's HOW MONEY WORKS mark.

16.     This is, therefore, an action at law and equity for statutory unfair competition under federal and state law (including 15 U.S.C. § 1125(a)(1)(A) and O.C.G.A. § 23-2-55); trademark infringement (O.C.G.A. § 10-1-450); dilution

(O.C.G.A. § 10-1-451(b)); deceptive trade practices (O.C.G.A. § 10-1-370 *et seq.*); common law unfair competition; and breach of contract pursuant to Georgia law.

17.     Among other relief, Primerica asks this Court to: (a) permanently enjoin Defendants from using Primerica's HOW MONEY WORKS mark and similar marks likely to cause confusion; (b) award Primerica monetary damages to compensate Primerica for Defendants' unlawful conduct; (c) require Defendants to disgorge all profits earned from their unlawful conduct; (d) award Primerica punitive damages; (e) award Primerica enhanced damages and/or profits; (4) award Primerica attorneys' fees and costs; and (g) award all other such relief as this Court finds proper.

## II.   PARTIES

18.     Plaintiff Primerica, Inc. is a Delaware corporation with a principal place of business at 1 Primerica Parkway, Duluth, Georgia 30099.

19.     Defendant WealthWave is a Georgia limited liability company with its principal place of business at 6475 East Johns Crossing, Johns Creek, Georgia 30097.

20.     Defendant MoneyBook is a Georgia limited liability company with its principal place of business at 6475 East Johns Crossing, Johns Creek, Georgia 30097.

6

21.   On information and belief, Defendant Mathews is a citizen of Georgia residing at 2005 Kinderton Manor Drive, Duluth, Georgia 30097.

22.   Mathews is the founder, the Chief Executive Officer, and an owner and manager of both WealthWave and MoneyBook.

### III.   JURISDICTION AND VENUE

23.   This Court has personal jurisdiction over WealthWave because WealthWave is a Georgia limited liability company with its principal place of business at 6475 East Johns Crossing, Johns Creek, Georgia 30097, and whose membership includes at least one citizen of Georgia.

24.   This Court has personal jurisdiction over MoneyBook because MoneyBook is a Georgia limited liability company with its principal place of business at 6475 East Johns Crossing, Johns Creek, Georgia 30097, and whose membership includes at least one citizen of Georgia.

25.   This Court has personal jurisdiction over Defendant Thomas Mathews because, on information and belief, he is domiciled in Georgia and is a resident of Georgia.

26.     This Court also has personal jurisdiction over Defendants because, in the Agreement, Defendants consented to this Court as having exclusive jurisdiction to resolve any dispute among the parties arising out of or in connection with the Agreement.

27.     This Court has subject matter jurisdiction over Primerica's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over Primerica's related state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

28.     Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), because Defendants are residents of Georgia and this District, and a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District. The Agreement further provides that the United States District Court for the Northern District of Georgia has exclusive jurisdiction to resolve disputes between the Parties arising out of or in connection with the Agreement.

## IV.    FACTS

### A.    A History of Primerica and its HOW MONEY WORKS Mark

29.     Primerica's predecessor-in-interest, A.L. Williams & Associates, Inc. (including its affiliates, "A.L. Williams"), was founded in 1977.

30.    For decades, A.L. Williams offered life insurance and related products and services to consumers in the United States.

31.    At least as early as 1990, A.L Williams began using the mark HOW MONEY WORKS in interstate commerce.

32.    A.L. Williams used the HOW MONEY WORKS mark throughout the United States to brand its educational services, including financial classes, seminars, and presentations for middle-income Americans, and accompanying educational materials, as shown below. *See* **Exhibit 1** (a 1990 HOW MONEY WORKS pamphlet).



33.    In 1991, A.L. Williams began operating as Primerica Financial Services, Inc.

34.    In 1993, Primerica Financial Services, Inc. acquired Travelers Insurance Corporation and changed its name to Travelers Group Inc. (including its affiliates, "Travelers") in 1994.

35.    Travelers continued to brand its educational services and materials with the HOW MONEY WORKS mark throughout the 1990s and even launched a national advertising campaign in 1998 under the slogan HOW MONEY WORKS NOW.

> We've harnessed the best and
> brightest lights of the finance,
> investment and insurance worlds
> under (pardon us) one umbrella:
> The Travelers Insurance Companies,
> Salomon Smith Barney,
> Primerica Financial Services and
> Commercial Credit.
>    No stone will be left unturned. No
> opportunity will remain unexplored.
> No dollar will be left unimproved.
>    And our familiar red umbrella will
> stand for a new company that
> uniquely understands how money
> works in this brave new world.
>
> *TravelersGroup*
> how money works now

36.     In 1998, Travelers merged with Citigroup Inc., which continued to use the HOW MONEY WORKS mark and even included the tagline CITIGROUP. HOW MONEY WORKS NOW in national advertising. *See* **Exhibit 2** (a 1999 Wall Street Journal Article discussing the tagline "Citigroup. How money works now.").

37.     Since at least as early as 2000, Primerica has continuously advertised and promoted its HOW MONEY WORKS-branded services online.

38.     Primerica frequently publishes HOW MONEY WORKS-branded content, including popular informational videos, on its website and social media pages, as shown below:





39.     In 2001, Primerica (operating as a subsidiary of Citigroup until its IPO in 2010) rebranded one of its most popular publications to *How Money Works*, thereby expanding the HOW MONEY WORKS brand even further, as shown below. *See* **Exhibit 3** (the 2008 edition of *How Money Works*).



40.     Primerica has advertised and promoted the *How Money Works* publications extensively, both to consumers directly and through its independent contractor sales representatives, and has received many direct inquiries from consumers requesting copies.

41.     Primerica's *How Money Works* publications soon became the primary publications distributed by Primerica, distributing more than 20 million copies by 2011.

42.     Primerica also makes electronic copies of its *How Money Works* publications available for download by Primerica's sales representatives on its internal representative portal so that its representatives can download and distribute

the publications to consumers.

43.     The *How Money Works* series includes Spanish language entries and even a children's edition, as shown below:

 

44.     Due to this longstanding, widespread, and substantially exclusive use (as the TTAB agreed), the title of Primerica's *How Money Works* publications have attained a secondary meaning among consumers as an indicator of source for Primerica and its financial education services and materials.

45.     The title of the *How Money Works* publications attained secondary meaning prior to Defendants' use of their infringing HOW MONEY WORKS mark.

46.     Primerica distributes the *How Money Works* series and other HOW MONEY WORKS-branded materials to its vast network of sales representatives, who then advertise and promote Primerica's products and services under the HOW MONEY WORKS mark.

47.     Primerica and its tens of thousands of sales representatives frequently distribute the *How Money Works* series at their HOW MONEY WORKS-branded classes, seminars, workshops, and trainings, as well as during meetings with prospective life insurance and investments clients.

48.     Primerica invests significantly in HOW MONEY WORKS-related marketing, advertising, and promotional efforts.

49.     Primerica's use of HOW MONEY WORKS in connection with financial education seminars, classes, workshops, trainings, and publications is inherently distinctive. Consumers recognize these classes as originating with Primerica, and the HOW MONEY WORKS mark serves to distinguish Primerica's offerings from those of competitors and to identify Primerica as the source of Primerica's offerings.

50.     In addition, Primerica's longstanding, widespread, and substantially exclusive use of the HOW MONEY WORKS mark has created significant brand awareness and recognition, such that the mark has attained a secondary meaning

among consumers in Georgia and throughout the United States as an indicator of

source for all of Primerica's financial education services and materials, including

Primerica's publications.

51.    Primerica also applied for and obtained Georgia state trademark

registrations for its HOW MONEY WORKS mark, including Reg. No. T-30903

for "A series of printed books, articles, pamphlets, and worksheets in the fields of

financial education and management of finances; Downloadable electronic

publications in the nature of books, articles, brochures, pamphlets, and worksheets

in the fields of financial education and management of finances"; Reg. No. S-

30899 for "Educational services, namely, providing seminars, classes, workshops,

and training in the fields of finance and management of finances and distribution of

educational materials in connection therewith"; and Reg. No. S-30730 for

"Providing a website featuring educational information in the fields of finance and

management of finances; providing a website featuring non-downloadable videos

in the fields of finance and management of finances." Reg. No. S-30730 issued on

April 1, 2021, and Reg Nos. T-30903 and S-30899 issued on June 29, 2021. These

registration certificates are attached as **Exhibit 4**.

52.    The HOW MONEY WORKS mark attained secondary meaning prior

to Defendants' use of their infringing HOW MONEY WORKS mark.

**B.    Defendants' Prior Unlawful Activities**

53.    Mathews was employed by A.L. Williams as an independent contractor sales representative for approximately eight years, until the relationship was terminated in 1990.

54.    On information and belief, Mathews has been aware since the 1990s of Primerica's use of its HOW MONEY WORKS mark.

55.    On information and belief, Mathews is employed by World Financial Group ("WFG").

56.    On information and belief, WFG is a group of companies owned by Transamerica Corporation that was founded by former Primerica sales representatives.

57.    WFG has adopted Primerica's exact business structure and competes with Primerica for the same customers while offering nearly identical products and services.

58.    On information and belief, Mathews is the sole member and manager of WealthWave, a Georgia company based in Johns Creek formed in 2015.

59.    On information and belief, Mathews founded WealthWave to offer products and services to WFG sales representatives and consumers—products and services that compete directly with those of Primerica.

17

60.     Mathews is also the founder, Chief Executive Officer, and an owner and manager of MoneyBook, which was formerly named "How Money Works LLC" and was formed by Matthews on December 9, 2018

61.     On information and belief, MoneyBook is a member-managed LLC, and Mathews primarily directs and manages all decisions of MoneyBook.

62.     On information and belief, like WealthWave, MoneyBook seeks to compete with Primerica for the same customers while offering highly similar services—all under the HOW MONEY WORKS mark.

63.     MoneyBook's offices in Johns Creek are located only a few miles from those of Primerica in Duluth, Georgia

64.     On information and belief, Mathews has at all times relevant been the sole moving force behind WealthWave's and MoneyBook's unlawful use of Primerica's HOW MONEY WORKS mark.

65.     On its website, WealthWave states that its "mission" is to "erase financial illiteracy worldwide so families can dream again."

66.     In 2016, WealthWave filed an intent-to-use application to register the mark HOW MONEY WORKS with the USPTO in connection with "advertising, marketing and promotion services in the field of financial services."

67.     On information and belief, it was Mathews who selected the mark HOW MONEY WORKS for WealthWave.

68.     On January 9, 2017, WealthWave filed a "Statement of Use" with the USPTO stating, under oath, that the mark was in use in connection with "advertising, marketing and promotion services in the field of financial services" and attaching the below specimen of "use" featuring Mathews:



69.     Based on WealthWave's sworn representations in the Statement of Use, the USPTO approved the application and issued Registration No. 5157937 (the "Registration") to WealthWave.

70.     On May 30, 2019, WealthWave and MoneyBook informed the UPSTO that WealthWave had assigned the Registration to MoneyBook.

71.     Because Primerica enjoys superior rights to the HOW MONEY WORKS mark, on August 7, 2019, Primerica filed an action seeking to cancel the Registration with the Trademark Trial and Appeal Board (the "TTAB Proceeding"). Primerica alleged both likelihood of confusion with its prior registered mark and lack of bona fide use in connection with the services listed in the Registration.

72.     The TTAB granted Primerica's petition, cancelling the Registration because Primerica established prior, superior trademark rights in the HOW MONEY WORKS mark.

73.     The TTAB specifically found that Primerica "uses HOW MONEY WORKS as a mark to identify and distinguish its educational publications and its educational services." The TTAB decision is attached as **Exhibit 5**. *See* **Exhibit 5** at 13-22 (discussing Primerica's priority).

74.     MoneyBook appealed the TTAB decision.

75.     In August of 2019, around the time Primerica initiated the TTAB Proceeding, and nearly 20 years after Primerica began selling its *How Money Works* series, Mathews created his own *How Money Works* publication: a book entitled *How Money Works: Stop Being a Sucker*.



76.     In 2021, at the time Primerica filed the Civil Action, WealthWave's website read prominently "WealthWave: The HowMoneyWorks® Company."



77.    Because Defendants (over Primerica's objections) continued to use Primerica's exact HOW MONEY WORKS mark in connection with services virtually identical to those of Primerica, and even expanded their use after Primerica initiated the TTAB Proceeding, Primerica initiated the prior Civil Action.

78.    The Civil Action alleged that Defendants' (at the direction of Mathews) unauthorized use of Primerica's HOW MONEY WORKS mark was likely to deceive consumers into believing that WealthWave's and MoneyBook's services are provided by Primerica, or are authorized, endorsed, sponsored, or licensed by Primerica.

79.    The Civil Action included claims for unfair competition, dilution, and unfair deceptive trade practices (as well as cancellation of the Registration) under applicable federal and state law statutory and common law.  This Court stayed the Civil Action pending the TTAB decision.

80.    The Civil Action was resolved and dismissed after the parties entered into the Agreement, signed by Mathews, WealthWave, and MoneyBook (with Mathews signing on behalf of all three Defendants), requiring Defendants to cease infringing uses of the HOW MONEY WORKS mark, among other obligations.

81.    The Agreement is a valid and subsisting contract that the parties entered into after an arms-length negotiation, and it is supported by mutual promises and adequate consideration—including, for example, Primerica's agreement to dismiss the Civil Action and release Defendants from certain claims, as well as Defendants' agreement to cease infringing Primerica's mark.

82.    Primerica has fully performed, or at least substantially performed, all of its obligations under the Agreement.

**C.    Defendants' Breach of Agreement**

83.    Defendants have not only failed to comply with the Agreement, but have *expanded* their infringing use of HOW MONEY WORKS-formative marks.

23

84.   Defendants were required to comply with all terms of the Agreement by December 31, 2023, and have willfully failed to do so.

85.   Defendants are in material breach of the Agreement for failing to timely comply with multiple material provisions.

86.   Pursuant to the Agreement, Primerica provided proper notice of breach in writing on February 21, 2024. Defendants failed to cure the breach within 30 days, making it proper for Primerica to bring suit.

87.   Several provisions within the Agreement prohibit Defendants' use of HOW MONEY WORKS, HMW, and similar marks and phrases. For example, the Agreement specifically states that Defendants will "completely cease using the words 'how money works', 'hmw', or any similar phrase," except as "expressly provided" in narrow circumstances.

88.   These narrow circumstances include only the following: use in the domain name <howmoneyworks.com>; use in the title of the HMW Books (so long as any sequels to *How Money Works: Stop Being A Sucker* do not use HOW MONEY WORKS differently or more prominently); and use in the content of the howmoneyworks.com website—*but only to the extent* such use is directly related to the promotion or sale of the HMW Books or constitutes descriptive or nominative fair use.

89.     Despite the clear and unequivocal language of the Agreement, Defendants—on information and belief, at the direction of Mathews—began using the below marks (the "New Infringing Marks") and variations of them *after* the effective date of the Agreement:

  



90.     Defendants do not use The New Infringing Marks merely to refer to or sell the HMW Books, but as trademarks to advertise and market their educational and financial services generally, for example, as shown below from https://wealthwave.com/mission, referencing a "course."



91.    Defendants' use of the New Infringing Marks does not constitute any form of fair use or permitted behavior under the Agreement.

92.    Since introducing the New Infringing Marks, Defendants have prominently and extensively used the marks throughout their websites and social media, examples of which are shown below and included in **Exhibit 6**:











93.     As shown above, in addition to use of the New Infringing Marks,

Defendants have also continued improper use of "how money works," for example,

in the banner at the top of the webpage https://store.howmoneyworks.com/shop/

and in calling their educational course "HowMoneyWorks" at

https://howmoneyworks.com/about and referring to their "educators" as

"HowMoneyWorks Book Educators."

94.     The use of the domain <store.howmoneyworks.com> is itself a

violation of the Agreement, because Defendants are precluded from using any

domain, other than <howmoneyworks.com> that uses the phrase

"howmoneyworks" or any similar phrase.

95.     Defendants continue to use other domains incorporating "how money works" in violation of the Agreement by having these domains redirect to their howmoneyworks.com website, for example, www.HowMoneyWorksPro.com.

96.     Defendants do not own a registration for HOW MONEY WORKS, yet they continue to use a registered R symbol while using "how money works", as shown above. *See* https://store.howmoneyworks.com/shop/.

97.     The Agreement further requires that Defendants "delete all references to 'A How Money Works Company' from any web pages and other marketing or promotional websites owned or controlled by WealthWave" and "cease making new social media posts using the words 'how money works' 'hmw' or any similar phrase" except as expressly provided in narrow exceptions. Defendants have failed to do so.

98.     In addition to the improper use of the New Infringing Marks discussed in prior paragraphs, Defendants have continued to use an Instagram account titled HowMoneyWorksOfficial (https://www.instagram.com/howmoneyworksofficial) and continued to post references to "how money works" and similar phrases, as shown in **Exhibit 7**.

99.     Both the name of the Instagram account and the posts referencing "how money works" constitute material breaches of the Agreement.

100.   Defendants have similarly continued to operate a Facebook account

titled How Money Works at the URL

https://www.facebook.com/thehowmoneyworkscompany/, as shown below and in

**Exhibit 8**:



101.   Several videos posted on the Wealthwave.com website have

continued to use the phrase "A How Money Works Company."

102.   The Agreement also required Defendants to take "all reasonable

steps" to facilitate the cessation of uses of "how money works", "hmw", or any

similar phrase by any third party they previously authorized to uses these phrases,

and to phase out the use of durable goods using the infringing phrases. Defendants have failed to do so.

103.   Numerous third parties previously authorized by Defendants continue to use "how money works", "hmw", and similar phrases. For example, the website https://pro.howmoneyworks.com/karengravely improperly uses the New Infringing Marks or otherwise improperly references "how money works." This includes use on websites that are hosted on domains owned and operated by Defendants, for example, https://howmoneyworks.com/criswest/about. *See* **Exhibit 9**.

104.   On information and belief, multiple third parties authorized by Defendants are continuing to operate groups on social media or websites or webpages using "how money works" and similar phrases.

105.   On information and belief, Defendants and third parties authorized by Defendants continue to use durable goods featuring "how money works" and similar phrases.

106.   On information and belief, Defendants have not taken any "reasonable steps" to stop this use as required by the Agreement.

107.   Finally, while the Agreement allowed Defendants to continue using the domain name <howmoneyworks.com>, the Agreement required Defendants to place WEALTHWAVE® or other distinctive branding at the top and/or bottom of

the homepage of <howmoneyworks.com>. That distinctive branding was to appear prominently on all webpages of <howmoneyworks.com>. Defendants have failed to comply with this provision.

108.   "WealthWave, LLC" appears only in small lettering and plain text at the very bottom of the webpages, which is hardly visible, as shown below and in **Exhibit 10** (box added by Primerica).



109.   On information and belief, despite the Agreement, Defendants (i.e., WealthWave and HMW at the direction of Mathews) continue to use "how money works", "hmw", and similar phrases throughout multiple websites and webpages owned, operated, or authorized by Defendants, including on various forms of social media, and in other marketing materials, all in violation of the Agreement.

110.   Primerica has written to Defendants on numerous occasions describing substantially all of the foregoing material breaches of the Agreement, but Defendants have willfully refused to cure those breaches.

111.   On information and belief, WealthWave's and MoneyBook's

continued use of Primerica's HOW MONEY WORKS mark, at the direction of

Mathews (in violation of the Agreement), has diluted and is likely to continue to

dilute the distinctive character of Primerica's HOW MONEY WORKS mark, and

its association solely with Primerica and its services.

112.   Defendants' conduct is causing a likelihood of confusion among

Georgians and others in the United States, and is causing irreparable harm to

Primerica and its hard-earned goodwill in the HOW MONEY WORKS mark,

because Primerica cannot control WealthWave's or MoneyBook's actions or the

nature and quality of their HOW MONEY WORKS-branded goods and services.

**COUNT ONE**
**Federal Unfair Competition**
**(15 U.S.C. § 1125(a)(1)(A))**

113.   Primerica repeats and incorporates by reference the allegations

contained in the preceding paragraphs.

114.   Primerica owns exclusive trademark rights in its HOW MONEY

WORKS mark, which is both inherently distinctive and has acquired secondary

meaning among consumers in the United States due to Primerica's public,

continuous use of and investment in the mark since at least as early as 1990.

35

115.    On information and belief, Defendants' various uses of the HOW MONEY WORKS mark and similar marks (including the New Infringing Marks), at the direction of Mathews, have caused and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services are affiliated, connected, or associated with Primerica.

116.    Unless enjoined by this Court, Defendants' conduct will continue to cause confusion among members of the trade and public, and additionally, injury to Primerica's goodwill and reputation for which Primerica has no adequate remedy at law.

117.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Primerica's HOW MONEY WORKS mark to the great and irreparable injury of Primerica.

118.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Primerica. Primerica is therefore entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

119.    Mathews is liable for WealthWave's and MoneyBook's unlawful conduct because, on information and belief, he has at all times been the sole moving force behind such conduct.

**COUNT TWO**
**State Trademark Infringement**
**(O.C.G.A. § 10-1-450)**

120.    Primerica repeats and incorporates by reference the allegations contained in the preceding paragraphs.

121.    Primerica owns three state trademark registrations for its HOW MONEY WORKS mark, Georgia Reg Nos. T-30903, S-30899, and S-30730.

122.    Primerica's HOW MONEY WORKS mark is inherently distinctive.

123.    Primerica has extensively and continuously used the HOW MONEY WORKS mark in Georgia for decades, such that the mark is well-known in Georgia and has attained a secondary meaning in the minds of consumers in Georgia as a distinctive indicator of source for Primerica.

124.    On information and belief, Defendants' various unauthorized uses of the HOW MONEY WORKS mark and similar marks (including the New Infringing Marks) in Georgia, at the direction of Mathews, are likely to cause confusion or mistake or to deceive consumers as to the source or origin of goods or services for which Defendants use the infringing marks.

125.   Defendants acted willfully and with knowledge of Primerica's trademark rights (including its registered rights), but without its consent, and with knowledge of the intent to cause confusion, mistake, or to deceive consumers.

126.   Defendants' conduct has caused, and is likely to continue causing, irreparable injury to Primerica's goodwill in violation of O.C.G.A. § 10-1-450. Primerica is therefore entitled to all remedies available pursuant to O.C.G.A § 10-1-450, including actual damages or statutory damages, as well as profits, injunctive relief, and reasonable attorneys' fees.

127.   Mathews is liable for WealthWave's and MoneyBook's unlawful conduct because, on information and belief, he has at all times been the sole moving force behind such conduct.

**COUNT THREE**
**State Trademark Dilution**
**(O.C.G.A. § 10-1-451(b))**

128.   Primerica repeats and incorporates by reference the allegations contained in the preceding paragraphs.

129.   Primerica's HOW MONEY WORKS mark is inherently distinctive.

130.   Primerica has extensively and continuously used the HOW MONEY WORKS mark in Georgia for decades, such that the mark is well-known in

Georgia and has attained a secondary meaning in the minds of consumers in

Georgia as a distinctive indicator of source for Primerica.

131.   On information and belief, Defendants' various unauthorized uses of

the HOW MONEY WORKS mark and similar marks (including the New

Infringing Marks) in Georgia, at the direction of Mathews, are likely to injure

Primerica's business reputation or to dilute the distinctiveness of Primerica's mark

in Georgia by eroding the public's exclusive identification of the mark with

Primerica.

132.   Defendants' conduct has caused, and is likely to continue causing,

irreparable injury to Primerica's goodwill and business reputation, and dilution of

the value of Primerica's HOW MONEY WORKS mark in violation of the Georgia

Antidilution Act, O.C.G.A. 10-1-451(b). Primerica is therefore entitled to

injunctive relief and reasonable attorneys' fees.

133.   Mathews is liable for WealthWave's and MoneyBook's unlawful

conduct because, on information and belief, he has at all times been the sole

moving force behind such conduct.

## COUNT FOUR
### Deceptive Trade Practices
### (O.C.G.A. § 10-1-370 *et seq.*)

134.    Primerica repeats and incorporates by reference the allegations contained in the preceding paragraphs.

135.    On information and belief, Defendants are using Primerica's HOW MONEY WORKS mark and similar marks (including the New Infringing Marks) in a manner that causes likelihood of confusion as to the source, sponsorship, approval or certification of its goods and services.

136.    On information and belief, Defendants are using Primerica's HOW MONEY WORKS mark and similar marks (including the New Infringing Marks) in a manner that causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Primerica.

137.    Defendants' actions are in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

138.    Defendants' actions demonstrate an intentional, willful, and bad faith intent to deceive the public and to harm Primerica's business and the goodwill and reputation of Primerica's services.

139.    Defendants are causing, and are likely to cause further, substantial injury to the public and to Primerica.

140.   Primerica has no adequate remedy at law and is entitled to injunctive relief and to recover Defendants' profits, damages, attorneys' fees, and costs.

141.   Mathews is liable for WealthWave's and MoneyBook's unlawful conduct because, on information and belief, he has at all times been the sole moving force behind such conduct.

**COUNT FIVE**
**State Unfair Competition**
**(O.C.G.A. § 23-2-55)**

142.   Primerica repeats and incorporates by reference the allegations contained in the preceding paragraphs.

143.   On information and belief, Defendants' various unauthorized uses of Primerica's HOW MONEY WORKS mark and similar marks (including the New Infringing Marks) have been with the intention of deceiving and misleading the public, thereby attempting to encroach upon Primerica's business in violation of O.C.G.A. § 23-2-55.

144.   Due to Defendants' unauthorized use of Primerica's HOW MONEY WORKS mark and similar marks (including the New Infringing Marks) at the direction of Mathews, the consuming public is likely to believe that Defendants' goods and services are affiliated or associated with Primerica, which is not the case.

145.   Primerica has no adequate remedy at law and is entitled to injunctive and other equitable relief.

146.   Mathews is liable for WealthWave's and MoneyBook's unlawful conduct because, on information and belief, he has at all times been the sole moving force behind such conduct.

**COUNT SIX**
**Common Law Unfair Competition**
**(Georgia Common Law)**

147.   Primerica repeats and incorporates by reference the allegations contained in the preceding paragraphs.

148.   Primerica owns exclusive rights in its HOW MONEY WORKS mark, which is both inherently distinctive and has acquired secondary meaning among consumers due to Primerica's use of and investment in the mark since at least as early as 1990.

149.   On information and belief, Defendants' various uses of the HOW MONEY WORKS mark and similar marks (including the New Infringing Marks), at the direction of Mathews, have caused and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services are affiliated, connected, or associated with Primerica.

150.   Unless enjoined by this Court, Defendants' conduct will continue to cause confusion among members of the trade and public, and additionally, injury to Primerica's goodwill and reputation for which Primerica has no adequate remedy at law.

151.   Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Primerica's HOW MONEY WORKS mark to the great and irreparable injury of Primerica.

152.   Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Primerica. Primerica is therefore entitled to injunctive relief,  damages, and reasonable attorneys' fees.

153.    Mathews is liable for WealthWave's and MoneyBook's unlawful conduct because, on information and belief, he has at all times been the sole moving force behind such conduct.

## COUNT SEVEN
### Breach of Contract
### (Georgia Law)

154.   Primerica repeats and incorporates by reference the allegations contained in the preceding paragraphs.

155.   The Agreement is valid and remains in full force and effect, and is

supported by adequate consideration.

156.   The Agreement states it is to be governed and construed in accordance with the laws of the State of Georgia.

157.   Primerica has fully performed, or at least substantially performed, its obligations under the Agreement.

158.   Defendants have materially breached and continue to materially breach the Agreement because they have failed to comply with the material terms of the Agreement within the time periods provided by the Agreement—terms which are essential elements of the Agreement, the breaches of which have deprived Primerica of the benefits expressly provided in the Agreement, such as the complete cessation of Defendants' infringement of Primerica's HOW MONEY WORKS mark.

159.   WealthWave's and HMW's various uses of the HOW MONEY WORKS mark and similar marks (including the New Infringing Marks), at the direction of Mathews, are directly contrary to the Agreement, including because they are likely to cause confusion among consumers.

160.   Defendants have further failed to add prominent WealthWave branding as required by the Agreement, take all reasonable steps to stop infringing use by third parties they authorized, and have otherwise failed to timely comply

with several provisions of the Agreement.

161.   Defendants' material breaches of their contractual obligations have damaged Primerica and are inflicting irreparable harm.

## PRAYER FOR RELIEF

Primerica therefore requests the Court to:

A.   Order Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants be enjoined from:

    a.   using the HOW MONEY WORKS mark or any copy, reproduction, colorable imitations, or simulation of the HOW MONEY WORKS mark in connection with Defendants' goods and services (including the New Infringing Marks);

    b.   using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods and services are

produced or provided by Primerica, or are sponsored or

authorized by Primerica, or are in any way connected or

related to Primerica;

      c.     using any trademark, service mark, trade dress, name,

logo, design, or source designation of any kind on or in

connection with Defendants' goods or services that

dilutes or is likely to dilute the distinctiveness of the

trademarks of Primerica; and

      d.     passing off, palming off, or assisting in passing off or

palming off, Defendants' goods or services or website or

social media pages as those of Primerica's, or otherwise

continuing any and all acts of unfair competition as

alleged in this Complaint;

B.    Order Defendants to take all reasonable steps to facilitate the cessation

of use of the HOW MONEY WORKS mark or any mark likely to

cause confusion therewith by any third parties Defendants authorized

to use these marks;

46

C.      Order Defendants to take down or transfer to Primerica any domain names and social media accounts owned by Defendants using the HOW MONEY WORKS mark;

D.      Compel Defendants to account to Primerica for any and all profits derived by Defendants from the sale or distribution of infringing goods or services as described in this Complaint, enhanced pursuant to 15 U.S.C. 1117(a);

E.      Award Primerica all actual damages caused by the acts forming the basis of this Complaint, enhanced pursuant to 15 U.S.C. § 1117(a);

F.      Order Defendants to pay Primerica's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes and common law cited in this Complaint;

G.      Assess punitive damages against Defendants in an amount sufficient to punish, penalize, and deter, pursuant to O.C.G.A. § 51-12-5.1 because Defendants intended to cause harm;

H.      Award Primerica interest and prejudgment interest; and

I.      Grant such other and further relief as the Court may deem just.

## **JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all claims and issues so

triable.

This 29th day of April, 2024.

Respectfully submitted,

/s/ *William H. Brewster*
William H. Brewster
GA Bar No. 080422
BBrewster@ktslaw.com
R. Charles Henn Jr.
GA Bar No. 347098
CHenn@ktslaw.com
H. Forrest Flemming III
GA Bar No. 104962
FFlemming@ktslaw.com
Bethany R. Nelson
GA Bar No. 748279
BRNelson@ktslaw.com

KILPATRICK TOWNSEND &
STOCKTON LLP
Suite 2800, 1100 Peachtree Street, N.E.
Atlanta, Georgia 30309-4528
Telephone: 404-815-6500
Facsimile: 404-815-6555

Counsel for Plaintiff